O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANA ESCOBAR GENOVEZ, ) | Case No. CV 09-04074-DTB |
| Plaintiff, ) | |
| ) | ORDER AFFIRMING DECISION OF |
| vs. ) | COMMISSIONER |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

Plaintiff filed a complaint ("Complaint") on June 11, 2009, seeking review of the Commissioner's denial of her application for disability insurance and supplemental security income benefits. In accordance with the previously-assigned Magistrate Judge's Case Management Order, the parties filed a Joint Stipulation on February 12, 2010. Thus, this matter now is ready for decision.[1]

///
///

---

[1] As the parties were advised in the Case Management Order, the decision in this case is being made on the basis of the pleadings, the Administrative Record ("AR"), and the Joint Stipulation ("Jt Stip") filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

**DISPUTED ISSUE**

As reflected in the Joint Stipulation, the sole issue is as follows:

1. Whether the Administrative Law Judge ("ALJ") properly considered the third party lay witness evidence. (Jt Stip 3.)

**DISCUSSION**

**I. Reversal is not warranted based on the ALJ's failure to consider lay witness statements**

Testimony from someone in a position to observe a claimant's symptoms and daily activities is "competent evidence." Smith v. Bowen, 849 F.2d 1222, 1226 (9th Cir. 1988) (quoting Sprague v. Bowen, 812 F.2d 1226, 1232 (9th Cir. 1987)); see also Lewis v. Apfel, 236 F.3d 503, 511 (9th Cir. 2001) ("Lay testimony as to a claimant's symptoms is competent evidence that an ALJ must take into account, unless he or she expressly determines to disregard such testimony and gives reasons germane to each witness for doing so.") (citations omitted). An ALJ must consider this testimony in determining whether a claimant can work. Stout v. Comm'r, Soc. Sec. Admin., 454 F.3d 1050, 1053 (9th Cir. 2006); see also 20 C.F.R. §§ 403.1513(d)(4), 416.913(d)(4); Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir. 1996). In order to discount the testimony of a lay witness, the ALJ must "give reasons that are germane to each witness." Stout, 454 F.3d at 1053 (quoting Dodrill v. Shalala, 12 F.3d 915, 919 (9th Cir. 1993)); see also Valentine v. Comm'r of Soc. Sec. Admin., 574 F.3d 685, 694 (9th Cir. 2009). An ALJ's error in failing to consider lay witness testimony is subject to a harmless error analysis. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir. 2006); Stout, 454 F.3d at 1056. "[W]here the ALJ's error lies in a failure to properly discuss competent lay testimony favorable to the claimant, a reviewing court cannot consider the error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." Stout, 454 F.3d at 1056.

Here, the ALJ did not mention a Function Report Adult – Third Party form completed by plaintiff's daughter, Lorena Escobar, on April 25, 2006. (Jt Stip 6; AR 10-17, 134-41.) The Commissioner argues that any error is harmless. (Jt Stip 6.) The Court agrees.

Lorena Escobar's statements regarding plaintiff's symptoms were substantially similar to plaintiff's statements. In Lorena Escobar's Function Report, she noted: That plaintiff gets drowsy and sleepy from her medication; that the family helps prepare meals for plaintiff; that sleeping is uncomfortable for the plaintiff; that she sometimes helps plaintiff dress and comb her hair; that plaintiff cannot "do a lot around the house;" that plaintiff does not drive; that plaintiff must be reminded to go to her doctor's appointments; and that plaintiff does not socialize "as often as before." (AR 134-39.) She also noted that plaintiff easily gets nervous and worried, does not adjust well to changes, and that spoken instructions must be repeated "several times." (AR 139-40.) Lorena Escobar also stated that plaintiff's condition affects the following: Lifting, squatting, bending, standing, reaching, walking, sitting, kneeling, hearing, stair climbing, seeing, her memory, completing tasks, concentration, following instructions, and using her hands. (AR 139.)

Likewise, in a document entitled, "Function Report – Adult," plaintiff similarly stated the following: That her medications make her drowsy and sleepy; that her family prepares most of her meals; that she sometimes needs help dressing and combing her hair; that sleeping is uncomfortable and extremely difficult; that she cannot "do a lot of house work"; that she does not drive; that she needs to be reminded to go to her doctor's appointments; and that she does not socialize "as often as before." (AR 126-31.) Plaintiff also noted that she has a difficult time handling changes, does not handle stress "so well," worries "more about things," and must have spoken instructions repeated "several times." (AR 131-32.) She further explained that her condition affects her ability to lift, squat, bend, stand, reach, walk, sit, kneel, hear, stair climb, see, remember, complete tasks, concentrate, and follow

instructions. (AR 131.) During the administrative hearing, plaintiff further testified that she cannot work because of the pain in both of her hands and feet. (AR 26.) The ALJ fully addressed plaintiff's testimony and discounted it for clear and convincing reasons, which plaintiff does not challenge on appeal. Under these circumstances, the failure to address Lorena Escobar's statements was inconsequential to the ultimate determination of disability, and any error was harmless. Stout, 454 F.3d at 1056. Accordingly, plaintiff's claim is without merit. See Clevenger v. Astrue, No. EDCV 09-1279 CW, 2010 WL 4024768, at *3 (C.D. Cal. Oct. 13, 2010) (the failure to address lay witness testimony was harmless because the testimony was substantially similar to the statements made by the plaintiff); Lonian v. Astrue, No. EDCV 10-530 JC, 2010 WL 4916605, at *4 (C.D. Cal. Nov. 24, 2010) (the ALJ did not err by failing to discuss a letter submitted by two lay witnesses where the statements were similar to plaintiff's own testimony).

**ORDER**

IT THEREFORE IS ORDERED that Judgment be entered affirming the decision of the Commissioner and dismissing this action with prejudice.

DATED: January 10, 2011

_____
DAVID T. BRISTOW
UNITED STATES MAGISTRATE JUDGE